UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TREVON HAROLD DE HAART,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv893 DRL-SJF |

OPINION AND ORDER

Immigration detainee Trevon Harold De Haart, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. De Haart is a native and citizen of Guyana who entered the United States in September 2021 as a nonimmigrant visitor and remained in the country beyond the authorized date [8-1]. On June 28, 2025, he was arrested by NYPD for menacing, criminal possession of a weapon with intent to use, and harassment. On August 2, 2025, he was arrested by United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant and placed into removal proceedings. He requested a custody redetermination hearing before an immigration judge. On September 12, 2025, an immigration judge held a hearing and denied bond after concluding Mr. De Haart posed a danger to the community. On September 22, 2025, Mr. De Haart filed a second motion for a custody redetermination based on materially changed circumstances, which an immigration judge likewise denied after concluding he posed a danger to the community. He appealed

both bond decisions to the Board of Immigration Appeals (BIA). On November 7, 2025, the immigration judge ordered Mr. De Haart removed to Guyana. He appealed, and his appeals of both bond decisions and the removal order remain pending before the BIA.

Mr. De Haart filed this habeas petition, arguing his detention violates his due process rights because he "has not been afforded a constitutionally adequate individualized custody determination." The court issued an order to show cause, noting the record did not clearly identify the statutory basis for his detention or the corresponding standards governing its legality. The Warden has filed a response. Mr. De Haart did not file any reply, and the time for doing so has expired.

The Warden argues that Mr. De Haart is categorized under 8 U.S.C. § 1226(a)—the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)—and that he already received all the process he is due. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to

property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may request a second custody redetermination before an immigration judge, but a hearing will only be granted if the noncitizen shows materially changed circumstances. 8 C.F.R. § 1003.19(e). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Immigration officials issued a warrant for Mr. De Haart's arrest, which accords with § 1226(a). Mr. De Haart then received a custody redetermination hearing before an immigration judge and consideration of a renewed request based on materially changed circumstances. The immigration judge considered his requests on the merits and determined that he should remain in custody because he posed a danger to the community. Mr. De Haart appealed both decisions to the BIA, and those appeals remain pending. He

must seek relief there. *See Z.G. v. Olson,* ___F. Supp.3d___, 2026 WL 1279081, 2-4 (N.D. Ind. May 11, 2026). The record indicates that § 1226(a) has been followed in Mr. De Haart's case.

Both noncitizens and the government alike must comply with our immigration laws, as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. De Haart gives no reason to believe this process is insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

For these reasons, the court DENIES the habeas petition (ECF 2) and instructs the clerk to close this case.

SO ORDERED.

October 5, 2026

*s/ Damon R. Leichty*
Judge, United States District Court